*Livingston* for the plaintiff.

——◦◆◦——

## DURHAM vs. ODDIE.

A power to sell does not include that of giving in payment;

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This case differs so little from that of *Thurett vs. Jenkins,* heretofore decided, as reported in 9 *Martin,* 318; and the slight variance between the two, being in favor of the present plaintiff, that unless we overturn the whole doctrine of the common law, or *leges non scriptæ* of England, as recognized in the former case, judgment must be rendered for the appellant. The counsel for the appellee

seems to have been so well convinced that his client must fail in his claim, provided the obstacles opposed to him, by the principles established in the former case, could not be removed, that he has directed his arguments, principally against the legal correctness of the decision therein given, on the ground that the court mistook the common law, as adopted in New York; being that which ought to have governed in that case, as well as in the present.

On examining the authorities cited, we find nothing in them tending to the establishment of rules, different from those laid down in the books relied on by the parties, in the case of *Thurett* vs. *Jenkins*; except an apparent contradiction or discrepancy, between the two cases to which we are referred in the 4th and 12th *vols*. of *Mass. Reports*.

It is very possible that this apparent repugnance between those cases might be reconciled; but we deem it to be no part of our duty to undertake the task. We do enough, if we avoid contradiction, and decide according to law, or what we honestly believe to be law, all cases regularly brought before us for adjudication.

DURHAM
vs.
ODDIE.

In relation to the extent and validity of the plaintiff's title to the ship, which forms the object of the present contest between the parties litigant, as it is exhibited by the evidence of the cause, we refer freely to the reasoning, in the case cited from *Martin's Reports*, which we still consider sound, and unshaken by the arguments and authorities now adduced. If any doubt or difficulty could remain, after the uncontradicted assertion of judge Parsons, that no difference existed in the United States between, what they term in England, the *grand bill of sale*, and the ordinary bill by which ships are transferred from one person to another: the evidence in the present case goes far in removing such difficulty; for Durham's vendor delivered to him the evidence of title, by which he (the seller) held from Garnis, who (for any thing that appears to the contrary) was the original owner of the vessel. Another point of view, in which this case may be considered, renders the plaintiff's claim much stronger than that of the claimant in the case above cited. The present defendant claims, under an act of sale, executed by an attorney in fact, for the original proprietor. There is no proof of any person having been

East'n District.
*July*, 1823.

DURHAM
*vs.*
ODDIE.

paid, and to supply this defect in the transfer of property, evidence is introduced to show that Oddie was, at the time of the pretended sale, a creditor of the owner for whom the attorney acted. The power of attorney shews that Smith, the agent, was authorised to sell three fourths of the ship. But the manner in which he appears to have disposed of the whole vessel, appears rather to be a *dation en paiment*, than a contract of sale. This species of contract, although it strongly resembles a sale, is not precisely the same thing; and we are of opinion that, a simple power to sell, will not authorise an agent to give the thing intended to be sold, in payment of the debts of his constituent. The defendant, therefore, has shewn no legal title to the vessel in dispute. The plaintiff, we think, has; and, therefore,

It is ordered, adjudged and decreed, that, the judgment of the district court be annulled, avoided and reversed, and that judgment be entered for the plaintiff, with costs, in both courts.

*Grymes* for the plaintiff, *Livingston* for the defendant.